# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KIMBERLY HUBBARD, )
 )
        Plaintiff, )
 )
v. )
 ) Case No. 09-2266-CM
 )
LOGI WAREHOUSING AND )
TRANSPORTATION, LLC, et al., )
 )
        Defendants. )
 )

## MEMORANDUM AND ORDER

Plaintiff, Kimberly Hubbard, brings this negligence action arising from the death of James McLaughlin. Plaintiff seeks to exclude the proffered expert testimony of Jill Cobb, M.D., the pathologist who performed the autopsy of Mr. McLaughlin, as improper expert testimony under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (Doc. 52).

**I. Standards**

Federal Rule of Evidence 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule reflects the court's gatekeeping function under *Daubert*, 509 U.S. at 592 (1993), which requires the court to determine whether expert testimony will assist the trier of fact. This inquiry requires the party advancing the expert testimony to establish both its reliability and relevance.

*Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883 (10th Cir. 2005); *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 170310, at *2 (D. Kan. Jan. 17, 2008); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (recognizing that expert testimony is only admissible "if it is both relevant and reliable.").

Reliability analysis applies to all aspects of the expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 475 (D. Kan. 2001) (citing *Heller v. Shaw Indus.*, 167 F.3d 146, 155 (3d Cir. 1999)). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. *See, e.g., Kumho Tire*, 526 U.S. at 149–52. The court has discretion in how to approach the task of making reliability findings. *Kumho Tire*, 526 U.S. at 152; *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

And, while the rejection of expert testimony is the exception rather than the rule, *Daubert*, 509 U.S. at 595, the court will not allow expert testimony that invades the province of the jury or renders opinions on issues of law. *See Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

**II.     Discussion**

In her report, Dr. Cobb found that Mr. McLaughlin's death was caused by blunt impact injuries caused by the motor-vehicle accident. She also noted that Mr. McLaughlin's heart weighed 640 grams and some of his coronary arteries were partially occluded. During her deposition, Dr. Cobb offered opinions regarding the severity of Mr. McLaughlin's cardiac disease and his risk of death from that condition. Plaintiff argues that these opinions are outside the realm of Dr. Cobb's area of expertise, unreliable, speculative, and too vague to be of any assistance to the jury.

Plaintiff argues that Dr. Cobb should not be allowed to render opinions about cardiology because she is a pathologist, not a cardiologist. But "a physician is not limited to testifying about his or her specialty." *Burton v. R.J. Reynolds Tobacco Co.*, 183 F. Supp. 2d 1308, 1314 (D. Kan. 2002). As a pathologist, Dr. Cobb is required to examine bodies for causes of death, including the presence of disease processes. Coronary artery disease is one of the disease processes that she frequently considers in her pathology practice. Her examination of Mr. McLaughlin's heart and her opinions on the severity of his cardiac disease are within the "reasonable confines" of her subject area. *Id.* at 1312. Similarly, her opinions appear to be reliable. She is a board-certified physician with education and experience relating to cardiac disease.

Plaintiff argues that Dr. Cobb's opinions are too speculative and vague to be of help to the jury. The court disagrees. Generally, questions concerning an expert's experience and the factual basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility. *United States v. Varoz,* 740 F.2d 772, 775 (10th Cir. 1984). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596. Plaintiff's objections to Dr. Cobb's testimony go more to its weight than its admissibility, and such determinations must be made by a jury. Further, Dr. Cobb's testimony is relevant because Mr. McLaughlin's life expectancy is an issue that will be before the jury.

As alternatively requested in plaintiff's motion, plaintiff may designate a cardiology expert to rebut Dr. Cobb's opinions.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Exclude Inadmissible Expert Testimony of Jill Cobb, M.D. and Provisional Motion for Leave to Designate Cardiology Expert (Doc. 52) is granted in part and denied in part.

Dated this 9th day of July 2010, at Kansas City, Kansas.

>	s/ Carlos Murguia
>	**CARLOS MURGUIA**
>	**United States District Judge**